# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**WESLEY RICKS (#499599)**            **CIVIL ACTION NO.**

**VERSUS**            **23-651-BAJ-SDJ**

**STATE OF LOUISIANA DEPT. OF**
**PUBLIC SAFETY AND CORRECTIONS,**
**ET AL.**

## ORDER

Before the Court is a "Motion to Recuse,"[1] filed by Plaintiff Wesley Ricks ("Plaintiff"), who is representing himself and who is confined at the Louisiana State Penitentiary in Angola, Louisiana. Plaintiff requests that the undersigned recuse from this case because Plaintiff is displeased with some orders issued by the undersigned.[2]

A motion to recuse is committed to the broad discretion of the targeted judge[3] to determine whether disqualification is appropriate.[4] A judge is presumed to be qualified to preside over a case,[5] so a movant seeking disqualification bears the burden of proving that a judge is not qualified by clear and convincing evidence.[6]

---

[1] R. Doc. 34.

[2] R. Doc. 34, p. 1.

[3] *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999).

[4] *See, e.g., United States v. Mizell*, 88 F.3d 288, 299 (5th Cir. 1996), citing *Matter of Hipp, Inc.*, 5 F.3d 109, 116 (5th Cir.1993).

[5] *In re Wilborn*, 401 B.R. 848, 860 (Bankr. S.D. Tex. 2009), citing *In re Betts*, 143 B.R. 1016, 1022 (Bankr. N.D.Ill.1992) (citing *Idaho v. Freeman*, 478 F.Supp. 33 (D. Idaho 1979)).

[6] *See Kinnear–Weed Corp. v. Humble Oil & Refining Co.*, 441 F.2d 631, 634 (5th Cir. 1971), *superseded by statute*, 28 U.S.C. § 455 (1974), as stated in *Aronson v. Brown*, 14 F.3d 1578, 1582-83 (Fed. Cir. 1994) (noting that § 455 was amended in 1974 to, among other things, "omit[] the phrase 'in his opinion', in order to eliminate the subjective standard.").

Two statutes govern recusal motions: 28 U.S.C. § 144 and 28 U.S.C. § 455.[7] § 144 states as follows:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

Some courts have held that a *pro se* litigant may not obtain disqualification of a judge under § 144 because a *pro se* litigant cannot meet the plain language of the statute requiring "a certificate of counsel of record stating that it [the affidavit in support of recusal] is made in good faith."[8] Even if Plaintiff, who is representing himself, could proceed under § 144, the allegations in his Motion are not sufficient to establish personal bias or prejudice on the part of the magistrate judge assigned to this case, as more fully explained below in relation to § 455.

§ 455 reads, in pertinent part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . .."

---

[7] *K & F Holdings, Ltd. v. Rouse's Enterprises, L.L.C.*, No. 16-293, 2017 WL 2778345, at *1 (M.D. La. June 27, 2017) (Dick, C.J.).

[8] *See, e.g., Gibson v. Gusman,* No. 14-2273, 2014 WL 6469507, at *3 (E.D. La. Nov. 17, 2014), citing *Robinson v. Gregory*, 929 F.Supp. 334, 337-38 (S.D. Ind. 1996).

While § 455 does not contain the same procedural requirements as § 144, recusal under § 455 is not warranted here.

In determining whether recusal is appropriate under this statute, the Fifth Circuit has stated that the recusal standard is an objective one. A party seeking recusal must demonstrate that a reasonable and objective person, knowing all the facts and circumstances of the case, would harbor doubts concerning the judge's impartiality.[9] This showing must be based on specific facts so as to avoid giving a party a "random veto over the assignment of judges."[10] Also, a § 455 claim must not be so broadly construed that "recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice."[11]

Plaintiff has failed to provide any specific facts that would lead a reasonable and objective person to question the impartiality or to demonstrate any personal bias under either § 144 or § 455. The only facts provided by Plaintiff are about Orders issued by the undersigned and involve how a case of this type typically proceeds through the Court system; disagreements about rulings and orders issued by this Court are not a basis for recusal.[12]

After carefully reviewing the matter, there is not sufficient factual support for Plaintiff's allegation of any personal bias or prejudice on the part of the undersigned to warrant recusal. Accordingly,

---

[9] *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 484 (5th Cir. 2003); *United States v. Spears*, No. 09-19, 2012 WL 112985, at *2 (M.D. La. Jan. 12, 2012).

[10] *Capizzo v. State*, No. 99-138, 1999 WL 539439, at * 1 (E.D. La. July 22, 1999).

[11] *Spears*, 2012 WL 112985 at * 2.

[12] *See Mandawala v. Northeast Baptist Hospital, Counts 1, 2, and 11*, 16 F.4th 1144, 1156-57 (5th Cir. 2021) ("[A]dverse rulings, without more, do not warrant disqualification for bias. It is obvious why: If we credited [the plaintiff's] theory, every judge would have to recuse, because any ruling in a dispute between parties would supply *prima facie* evidence of bias against the loser."). *See also Liteky v. U.S.*, 510 U.S. 540, 541 (1994) ("First, judicial rulings alone almost never constitute valid basis for a bias or partiality recusal motion…Second, opinions formed by the judge on the basis of facts introduced or events occurring during current or prior proceedings are not grounds for a recusal motion unless they display deep-seated favoritism or antagonism as would make fair judgment impossible.").

**IT IS ORDERED** that to the "Motion to Recuse"[13] filed by Plaintiff Wesley Ricks is **DENIED**.

Signed in Baton Rouge, Louisiana, on June 5, 2025.

                                                                        *Scott Johnson*
                                                        _____
                                                        **SCOTT D. JOHNSON**
                                                        **UNITED STATES MAGISTRATE JUDGE**

---

[13] R. Doc. 34.